**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-7463**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RUSSELL SHIFLETT,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:06-cr-00252-JFM-1; 1:08-cv-00499-JFM)

_____

Submitted:  January 29, 2009      Decided:  February 19, 2009

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Russell Shiflett, Appellant Pro Se.   Kwame Jangha Manley,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Shiflett seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Shiflett has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument because the facts

---

[*] The district court rejected Shiflett's ineffective assistance of counsel claims upon the reasoning that they could not be litigated in a § 2255 proceeding because they had been raised on direct appeal and denied. While it is correct that Shiflett raised these claims on direct appeal, we explicitly declined to consider them, noting that ineffective assistance of counsel claims should ordinarily be pursued in post-conviction proceedings. Nevertheless, we find it unnecessary to remand
(Continued)

2

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

these claims to the district court for plenary consideration as our review of the record leaves us with no doubt that Shiflett's contentions that his trial attorney was ineffective are insubstantial.